# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE B. MIMS,

    Plaintiff,

v.                                          No. 16-CV-136 MCA/GBW

DAVOL, INC. and C.R. BARD, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants C.R. Bard, Inc. and Davol Inc.'s Expedited Motion to Stay all Proceedings* [Doc. 59]. The Court, having considered the submissions, the relevant law, and otherwise being fully advised in the premises, hereby **GRANTS** the *Motion*.

## BACKGROUND

On April 19, 2018, Defendants filed the present *Motion to Stay all Proceedings*, representing that a motion had been filed before the United States Judicial Panel on Multidistrict Litigation (JPML) "to transfer the actions of more than 50 plaintiffs who, like Plaintiff in this case, have products liability claims related to the use of Bard's hernia mesh products pending in various federal courts, into one federal court for the purposes of consolidation and coordination." [Doc. 59, p. 1] While a group of over 50 plaintiffs filed the *Motion to Transfer*, Plaintiff's action and several other similar actions were not identified as related actions in the *Motion to Transfer*. [Doc. 59, p.2; Doc. 59-3]

1

Plaintiff opposed the *Motion to Stay*, arguing that her case was not listed on the cases proposed to be transferred and Defendants had not shown that this case should be included with those which might be transferred. [Doc. 61, pp. 3-5] She also argued that further delay in this case was prejudicial because the case has been pending for over two years[1] and she had not received discovery responses. [Doc. 61, pp. 6-7] Plaintiff also argued that, "if the case is transferred, the Defendants will likely attempt to relitigate their motion to dismiss. By the time that these issues are resolved, this case will likely be completed. Therefore, rather than promote efficiency, a transfer would prevent the timely resolution of this case." [Doc. 61, p. 6]

After Plaintiff filed her response, the Court held a status conference in order to address Defendants' argument that there is an exigency. The Court also asked Defendants to attach to their *Reply* their response to the *Motion to Transfer* filed with the JPML. And, because Defendants would be submitting new information in the *Reply*, the Court granted Plaintiff leave to file a *Sur-reply* to address such information. [*See* Doc. 62] Thereafter, Defendants filed their *Reply*, attaching their response to the *Motion to Transfer* filed with the JPML, in which Defendants indicated that they did not oppose transfer and consolidation of the hernia mesh cases and requested that several other cases, including Plaintiff's, be included with those transferred. [Doc. 64-1, p. 25; Doc. 64-3, p. 5] Defendants also filed with the JPML (and provided a copy to this Court) an *Amended*

---

[1] Although this case has been pending since February of 2016, early in the case the parties filed motions, including a *Motion to Dismiss* [Doc. 18] and a *Motion to Certify Question of State Law to the New Mexico Supreme Court* [Doc. 24]. A scheduling order was first entered on March 3, 2018, which set the discovery deadline of August 27, 2018. [Doc. 51]

*Schedule of Actions* related to the *Motion to Transfer*. [Doc. 64-3] To this Court, Defendants argued that they had answered all discovery requests thus far in this case. [Doc. 64, pp. 5-7] Defendants argued that, given the pending *Motion to Transfer* before the JPML, they would suffer prejudice if they had "to expend significant resources on this discovery, including potential duplicative expert discovery and discovery disputes, if the case may be transferred to the MDL." [Doc. 64, p. 3] Defendants argued that a stay of a few months would not be prejudicial to Plaintiff, and Defendants submitted that courts around the country have granted thirty-nine motions to stay pending the decision of the JPML. [Doc. 64, p. 10]

Plaintiff filed a *Sur-reply*, in which she agreed that Defendant had recently submitted many documents (according to Plaintiffs, more than one million pages worth) to her, but noted that "there are still discovery issues that must be addressed in this case," including objections to Plaintiff's discovery requests and identification of which documents already supplied to Plaintiff are responsive to her discovery requests. [Doc. 68, p. 6] She also argued that no motion had been filed before the JPML to include her case with those proposed to be transferred, and thus "there has been no discernable progress for the inclusion of this matter in a multidistrict litigation." [Doc. 68, p. 3] Plaintiff further argued that there was a question as to whether the mesh product implanted in Plaintiff should be included in the multi-district litigation. [Doc. 68, p. 4] Finally, Plaintiff argued that prior multi-district litigation hernia mesh cases proceeded very slowly, and thus she would suffer prejudice because her case is at a more advanced

stage of litigation. [Doc. 68, pp. 4-5] Accordingly, Plaintiff continues to oppose the *Motion to Stay*.

On June 15, 2018, Defendants filed a notice to the Court that the JPML set a hearing to consider the issue of creating multi-district litigation on July 26, 2018 in Santa Fe, New Mexico. [Doc. 70]

**ANALYSIS**

Section 1407 of Title 28 allows for the transfer and consolidation to a single Court "civil actions involving one or more common questions of fact" upon the determination of the JPML that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407.

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. However,

> [a] district court may in [its] discretion stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407, as the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). When considering a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. [*Rivers*] *v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

*Pace v. Merck & Co.*, No. CIV 04-1356MCA/ACT, 2005 WL 6125457, at *1 (D.N.M. Jan. 10, 2005).

Before considering the factors governing a stay, the Court must decide whether this case is one "pending resolution of a motion brought pursuant to 28 U.S.C. § 1407." *Id.* The Court concludes that it is. While Defendants did not file their own separate motion seeking the transfer of this case, they instead sought the transfer of this case pursuant to their response to the *Motion to Transfer*, and they filed a *Notice of Related Actions* with the JPML. Defendants thus complied with Rule 6.2(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, putting the issue of whether the case should be transferred before the JPML.

Proceeding then to the application of the factors relevant to a stay, the Court concludes that a stay of these proceedings is appropriate pending the decision by the JPML. Although Plaintiff argues that she will suffer prejudice, her arguments are largely focused on prejudice she would suffer if this case were transferred, an issue which the JPML, not this Court, must address. The relevant potential delay a stay would impose is the delay prior to the JPML's decision on consolidation, which is likely to be a few months. By comparison, the potential hardship and inequity for Defendants includes the expenditure of "significant resources on . . . discovery, including potential duplicative expert discovery and discovery disputes." [Doc. 64, p. 3] Although the Court understands that Plaintiff has "patiently endured" while "this case has been in litigation for over two years," [Doc. 61, pp. 2, 6], after weighing the relative hardships, the court

Concludes that it would be more costly and unreasonable to impose duplicative discovery on Defendants.

With regard to judicial economy, imposing a stay in this case would avoid potentially duplicative litigation. "A stay pending the Panel's decision can increase efficiency and consistency, particularly when the [potential] transferor court believes that a transfer order is likely and when [any] pending motions raise issues likely to be raised in other cases as well." Federal Judicial Center, *Manual for Complex Litigation* § 22.35 (4th ed. 2004). Given the potential for discovery disputes in this case, it would conserve the Court's resources to wait to address those issues until after the JPML has made its determination.

Accordingly, for the foregoing reasons, the Court exercises its discretion to grant a stay in this case pending the decision of the JPML on the *Motion to Transfer*.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court **HEREBY STAYS** this matter pending the resolution of the *Motion to Transfer* by the JPML.

**SO ORDERED** this 18 day of June, 2018 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge